# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

November 3, 2020

Vincent John Piazza, Esq.
The Disability Law Center of Robert S.
Piazza Jr.
6716 Harford Rd.
Baltimore, MD 21234

Elisa F. Donohoe, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

   Subject: *Rosalind M. v. Saul*
       Civil No. GLS 19-2791

Dear Counsel:

  Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 13, 15). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

## I. BACKGROUND

  Plaintiff filed a Title II Application for Disability Insurance Benefits on March 8, 2016, alleging that disability began on August 1, 2015. (Tr. 223). This claim was initially denied on June 26, 2016, and upon reconsideration, denied again on July 25, 2016. (*Id.* at 139-42, 146-47). Plaintiff's request for a hearing was granted and the hearing was conducted on November 16, 2017, by an Administrative Law Judge ("ALJ"). (*Id.* at 62-104). On May 2, 2018, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 44). On August 19, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-7).

*Rosalind M. v. Saul*
Civil No. GLS 19-2791
November 3, 2020
Page 2

## II.   ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determines whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., the most the claimant could do despite their limitations, through consideration of a claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

Here, the ALJ found that Plaintiff suffered from "the following severe impairments: seizure disorder; arthritis in the bilateral knees; hypertension; diabetes mellitus with hyperglycemia and polyneuropathy; heroin abuse; and alcohol abuse." (Tr. 46). Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels, but with the following limitations: [Plaintiff] can stand and walk for six hours. [Plaintiff] can sit for six hours. [Plaintiff] can occasionally stoop, crouch, kneel, and crawl. [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] needs to avoid even moderate exposure to hazards, like heights and heavy machinery. [Plaintiff] can perform simple, routine, repetitive tasks. [Plaintiff] can occasionally reach overhead with [her] right upper extremity, the non-dominant extremity.

*Rosalind M. v. Saul*
Civil No. GLS 19-2791
November 3, 2020
Page 3

(*Id.* at 50). At the hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same limitations as the Plaintiff could perform Plaintiff's prior work as a housekeeping aid. (*Id.* at 55, 92-93). The VE testified that a hypothetical individual with the same RFC as Plaintiff would be able to perform the Plaintiff's past work. (*Id.* at 55, 93). However, the ALJ ultimately found Plaintiff was not disabled because she is able to perform her past relevant work as a housekeeping aid. (*Id.* at 55).

## III.   DISCUSSION

On appeal to this Court, Plaintiff asserts that the ALJ failed to adequately develop the record and committed several prejudicial errors in evaluating her RFC because the ALJ: (1) did not account for Plaintiff's limitations in maintaining concentration, persistence or pace; (2) failed to evaluate the medical necessity of Plaintiff's cane; (3) failed to cite any substantial evidence in support of Plaintiff's RFC; and, (4) asked the VE an incomplete hypothetical such that the VE's testimony does not rise to the level of substantial evidence to support the ALJ's denial of benefits. (ECF No. 13-1, pp. 11-22). I find Plaintiff's argument regarding the ALJ's failure to account for her limitations in concentration, persistence, or pace to be persuasive. Accordingly, I find that remand is appropriate, for the reasons set forth below.

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his/her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has held that a "proper RFC analysis has three components: (1) evidence[;] (2) logical explanation[;] and (3) conclusion. The second component, the ALJ's logical explanation is just as important as the other two." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019); *see also Petry v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion") (further citation omitted).

Plaintiff argues that the ALJ failed to: (1) account for her moderate limitations in maintaining "concentration, persistence, or pace" in her RFC because the ALJ did not account for Plaintiff's ability to stay on task for the duration of an eight-hour workday, or explain why no such limitations were required; and (2) logically link the record evidence to the RFC findings made. (ECF No. 13-1, p. 12). In response, the SSA avers that the ALJ determined that the evidence in the record did not support the inclusion of any additional limitations to account for Plaintiff's moderate limitation in concentration, persistence, or pace beyond a limitation to perform "simple, routine, repetitive tasks." (ECF No. 15-1, p. 9). In support of this assertion, the SSA points to the

*Rosalind M. v. Saul*
Civil No. GLS 19-2791
November 3, 2020
Page 4

ALJ's finding that "despite the claimant's seizures and evidence of continued use of drugs and alcohol, her neurological examinations have been unremarkable, showing she has complet[ed] memory and concentration tasks, which support she retains the ability to perform, simple, routine, and repetitive work." (Tr. 53).

In *Mascio*, *supra*, the Fourth Circuit held that an ALJ does not adequately account for a claimant's limitations in concentration, persistence, or pace by merely restricting hypothetical questions posed to the VE to "simple, routine tasks or unskilled work." 780 F.3d at 637-38; *see also Claiborne v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG 14-1918, 2015 WL 2062184, at *2 (D. Md. May 1, 2015). This is because of the distinction between the ability to perform simple tasks and the ability to stay on task, the latter of which "account[s] for a claimant's limitations in concentration, persistence, or pace." *Mascio*, 780 F.3d at 638 (citation omitted). In addition, "[b]y distinguishing between the ability to perform a task and the ability to stay on task," an ALJ "must account for a claimant's limitation in concentration, persistence, or pace by addressing whether the claimant has the ability to perform tasks for a full workday." *Combest v. Comm'r., Soc. Sec. Admin.*, Civil No. SAG 15-1098, 2016 WL 3512135, at *5 (D. Md. June 22, 2016) (citing *Mascio*, 780 F.3d at 638).

In the instant case, I find two errors made by the ALJ. First, the ALJ presented the VE with two hypothetical questions, but neither hypothetical accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. (Tr. 92-94). Specifically, the ALJ's hypotheticals made no mention of Plaintiff's moderate limitations in concentration, persistence, or pace. Thus, the corresponding RFC assessment limiting Plaintiff to "performing, simple, routine, repetitive tasks," (Tr. 31-32, 49), does not appear to account for Plaintiff's difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 638; *see also Williams v. Berryhill*, Civil No. TMD 17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (remanding because RFC limiting Plaintiff to simple, routine, repetitive tasks failed to account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace); *Talmo v. Comm'r, Soc. Sec. Admin.*, Civil No. ELH 14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (remanding case for further proceedings where ALJ failed to cite any evidence in the record in support of her conclusions regarding Plaintiff's ability to perform tasks related to concentration, persistence, and pace). Second, upon reviewing the ALJ's decision, I find that the ALJ did not explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, she could remain on task for the duration of an eight-hour workday. (*See, e.g.*, Tr. 50). I do not find that the ALJ adequately explained why, despite Plaintiff's limitations, the RFC does not contain a limitation regarding Plaintiff's ability to sustain tasks for the duration of an eight-hour workday. Fourth Circuit precedent requires that an ALJ "*both* identify the evidence that supports [her] conclusion *and* build an accurate and logical bridge from [that] evidence to [her] conclusion." *Williams*, 2018 WL 3092273, at *6 (emphasis in original) (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (ALJ failed to build logical bridge because he did not explain how the evidence supported his conclusion that claimant could perform "medium work")). The ALJ's failure to construct this logical bridge constitutes reversible error. *Id.*

*Rosalind M. v. Saul*
Civil No. GLS 19-2791
November 3, 2020
Page 5

Because I cannot discern the reason why the ALJ fashioned Plaintiff's RFC as she did, nor can I discern why the RFC did not include any reference to Plaintiff's ability to sustain tasks over a typical workday, I remand this matter for further proceedings. *Williams*, 2018 WL 3092273, at *6.

On remand the ALJ should also more clearly explain how a moderate limitation in concentration, persistence, or pace impacts Plaintiff's RFC. *See Claiborne*, 2015 WL 2062184, at *4.

Because this case is being remanded on other grounds, I will not address Plaintiff's remaining contentions that the ALJ: (a) failed to evaluate the medical necessity of Plaintiff's cane; (b) failed to mention any substantial evidence to support Plaintiff's physical RFC; and, (c) did not have substantial evidence (including the VE's testimony) to support the denial of benefits. (ECF No. 13-1, pp. 16-22). On remand, the ALJ should review her analysis as to the same.

Despite remanding this case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 13), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 15), is DENIED. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk of the Court is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

_____
/s/
The Honorable Gina L. Simms
United States Magistrate Judge